## Case No. 7,004.

### The ILLINOIS.

[Brown, Adm. 497; 6 Chi. Leg. News, 398; 1 Cent. Law J. 454.][1]

District Court, E. D. Michigan. Aug., 1874.

PLEADING—NECESSARY AVERMENTS IN LIBEL—ACT OF 1845.

1. A libel sufficient under the general maritime law is sufficient in cases arising upon the lakes, and no averment is required to bring it within the act of 1845 [5 Stat. 726].

2. It is unnecessary to aver that the vessel in question is engaged in navigation, or capable of being so employed.

The libel was in personam against the respondent as owner of "the barge Illinois, her boats," etc., for supplies. There was no other or further description of the vessel set up in the libel than that quoted. The grounds of demurrer were: 1. That it was not alleged in the libel that the vessel was of 20 tons burden or upward; 2, nor that the vessel was enrolled or licensed for the coasting trade; 3, nor that the vessel was employed in the business of commerce and navigation, or was capable of being so employed; 4, nor in any manner that the vessel, her boats, etc., were of such a maritime character as to entitle the court to entertain jurisdiction in the premises.

F. H. Canfield, for respondent.

H. B. Brown, for libellant.

LONGYEAR, District Judge. The libel is in the usual form of libels in personam under the general maritime law. 2 Conk. Adm. 478 et seq., 482, 488; Ben. Adm. 484, No. 83. The allegations, the absence of which constitute the first three grounds of demurrer, were necessary in order to confer jurisdiction under the act of congress of February 26, 1845 (5 Stat. 726), entitled "An act extending the jurisdiction of the district courts to certain cases upon the lakes and navigable waters connecting the same" (2 Conk. Adm. 491, and note a). But the supreme court in the case The Eagle, 8 Wall. [75 U. S.] 15, adopting the only logical conclusion from their earlier decision in the case of The Genesee Chief, 12 How. [53 U. S.] 443, authoritatively decides that general admiralty jurisdiction was not limited in this country to tide waters, but extended to the lakes and the navigable waters connecting them, and hence that the act of 1845 was inoperative and ineffectual, with the exception of the clause which gives either party the right of trial by jury when requested. Since that decision the limitations as to jurisdiction imposed by the act of 1845, have had no existence, and the necessity of inserting in the libel the allegations in question has ceased; and consequently, a libel which is sufficient under the general maritime law is now sufficient in cases upon the lakes and their connecting waters. See The General Cass [Case No. 5,307]. The first, second and third grounds of demurrer are therefore not well taken.

As to the fourth ground of demurrer, I find no adjudications or opinions of text writers upon the point; but judging from the forms adopted and universally used from an early period in admiralty jurisprudence down to the present time, it seems to have always been considered sufficient to describe a vessel in a libel, whether in rem or

---

[1] [Reported by Hon. Henry B. Brown, District Judge, and here reprinted by permission.]

In personam, as the ship, bark, sloop, schooner, steamboat, steamer, barge, or as the case may be, giving her name, without further specification or qualification. See 2 Conk. Adm. 490, note a. These terms seem always to have been considered sufficient to denote the maritime character of the subject. In their ordinary meaning they signify maritime things, and, independently of the consideration of long usage, the use of those terms alone is no doubt sufficient to confer jurisdiction without further description or qualification. The rest follows by necessary implication. If the fact be different, it must be taken advantage of by way of special allegation, and cannot be by way of demurrer. The fourth ground of demurrer is, therefore, also not well taken. The demurrer must be overruled, with costs of the demurrer to libellant, with leave to respondent to answer the libel, on condition of payment of the costs of the demurrer, including a counsel-fee of $10. Demurrer overruled.